UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

**ERIC J. HELMUS**

    **Plaintiff,**

v.

**NORTHSTAR LOCATION SERVICES, LLC**

    **Defendant**

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

## PARTIES

7. Plaintiff Eric J. Helmus is a natural person who resides in the City of Centennial, County of Arapahoe, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Northstar Location Services, LLC, (hereinafter "Defendant") operates from an address of 4285 Genesee Street, Cheektowaga, New York 14225 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is registered as a debt collector with the Colorado Attorney General's office, license number 990312.

## FACTUAL ALLEGATIONS

### FDCPA

10. The alleged debt that the Defendant is attempting to collect upon stems from a Barclays Bank credit card which was primarily used for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. On or about November 11, 2011, the Plaintiff received a letter from the Defendant regarding the alleged debt.

12. In the initial communication from the Defendant it was claimed that the Plaintiff owed a balance of $1,328.85 concerning a debt from Barclays Bank Delaware/Juniper.

13. The Plaintiff disputes the amount that the Defendant claims is owed.

14. Within days of receiving the original debt collection dunning letter, the Defendant began contacting the Plaintiff on his home and cellular telephone in an effort to collect the disputed debt.

15. The Plaintiff has advised the Defendant to stop contacting him, as he is not willing, able or interested in making any payment on this particular debt as he considers it to be invalid.

16. Despite the demand by the Plaintiff that the Defendant stop its annoying and harassing conduct, the Defendant persisted, often calling the Plaintiff several times per day and several times per week.

17. The telephone harassment of the Defendant is prohibited by the FDCPA, see 15 U.S.C. §1692d.

18. On December 5, 2011 the Defendant sent a letter to the Plaintiff which was signed by Jason Collins.

19. Collins claims he is the "department director for Barclays Bank Delaware" and tells the Plaintiff that he may be eligible for a "savings opportunity."

20. The misleading claim from Collins would lead the least sophisticated consumer that Collins is an employee for Barclays, which he is not.

21. Collins, if Jason Collins even exists, is an employee of the debt collector defendant.

22. Statements designed to mislead a consumer in an effort to collect a debt, are prohibited by the FDCPA, see 15 U.S.C. §1692e.

23. The letter sent by Collins invites the Plaintiff to contact him and gives a local telephone number of (303) 309-3839.

24. The number (303) 309-3839 calls into a voice messaging service where a consumer is told that the number belongs to a "number of out of state collection agencies."

25. It is a deceptive practice to give a consumer the impression that the debt collector is or has a local office, when indeed it does not and only has a local telephone number that goes to an unmanned answering machine.

26. A debt collector may not use deceptive means to collect a debt, see 15 U.S.C. §1692e.

27. The exact same letter as was dated December 5, 2011 was again sent to the Plaintiff on February 7, 2012, again signed by Jason Collins, posing as "Department Director for Barclays Bank Delaware."

28. Both the December 5, 2011 and the February 7, 2012 letters from Collins give a local address and list it as 13111 E. Briarwood Avenue, #340, Centennial, Colorado 80112.

29. 13111 E. Briarwood Avenue, #340, Centennial, Colorado is actually the address for a law firm; Silverman/Borenstein, PLLC.

30. A consumer who *Googles* or actually goes to the "local address" as provided by the Defendant would encounter a law office and would be misled into believing that the debt or the debt collector is a lawyer or law firm, when it is not.

31. A debt collector is prohibited from posing as an attorney or deceiving a consumer that communication is from an attorney. Such conduct violates the FDCPA, see 15 U.S.C. §1692e(3).

32. The Plaintiff in this case wrongfully believed that instead of dealing with a debt collector, he was dealing with a lawyer.

33. The Plaintiff has no business relationship with the Defendant and does not owe any money to the Defendant.

34. The Defendant's conduct is unconscionable and violates the prohibitions of 15 U.S.C. §1692f.

35. The Defendant is a debt collector, debt buyer, who has no agreement with Barclays Bank Delaware/Juniper.

36. The Defendant has used false and misleading information in its communication with the Plaintiff in an attempt to collect a debt.

37. Such conduct violates the FDCPA, see 15 U.S.C §1692e.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

40. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;
2. For statutory damages;
3. For punitive damages;
4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

37. Such conduct violates the FDCPA, see 15 U.S.C §1692e.

## CAUSES OF ACTION

## COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

40. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;
2. For statutory damages;
3. For punitive damages;
4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED:

s/Troy D. Krenning
Gookin, Krenning and Associates, LLC
770 N. Lincoln Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: troy@gkalaw.com

s/Jill Gookin
Gookin, Krenning and Associates, LLC
770 N. Lincoln Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: jill@gkalaw.com

s/Andrea C. Fulton
Gookin, Krenning and Associates, LLC
770 N. Lincoln Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: andrea@gkalaw.com